FILED ENTERED
LODGED RECEIVED
OCT 20 2003 KN
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THERAPEUTIC RESOURCES, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROMEDICAL PRODUCTS INTERNATIONAL INC., a Texas corporation,<br><br>Defendant. | No. C03-3157Z<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>**JURY REQUESTED** |

**PARTIES**

1. Plaintiff Therapeutic Resources, Inc. (TRI) is a Washington corporation, which distributes medical equipment and supplies.

2. Defendant Electromedical Products International Inc. (Defendant) is a Texas corporation, which manufactures electromedical equipment and does business in the State of Washington.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs. Additionally, this matter is subject to 28 USC § 2201(a), the Federal Declaratory Judgment



Bullivant|Houser|Bailey PC
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone: (206) 292-8930

ORIGINAL

Act. Venue in this Court is proper pursuant to 28 USC § 1391(a).

## FACTUAL ALLEGATIONS

4. At all relevant times, TRI was a distributor of medical equipment and supplies. At the time Defendant asked TRI to distribute its products, Defendant was fully aware that TRI distributed electromedical products of other manufacturers.

5. After selling Defendant's products for some time, on or about January 1, 1997, Defendant mandated that TRI execute a Non-Disclosure and Non-Competition Agreement (1997 NDA). Given Defendant's prior knowledge of TRI's sales of electromedical products of other manufacturers and Defendant's failure to explain the provisions of the 1997 NDA, TRI understood it could concurrently sell the electromedical products of other manufacturers.

6. On or about January 1, 1998, Defendant mandated that TRI execute a one-year Distributor Agreement (1998 Distributor Agreement), which states that it supercedes all prior and contemporaneous agreements, understandings and representations.

7. The 1998 Distributor Agreement expired on January 1, 1999. Later that year, Defendant recognized TRI as the distributor of the year. Thereafter, Defendant never again required TRI to execute any form of agreement.

8. Defendant's products do not qualify for reimbursement under various medical plans and Defendant has failed to take necessary steps to remedy that circumstance.

9. As the parties were not operating under any form of contract after January 1, 1999, when a dispute arose in February 2003, Defendant advised TRI it would no longer sell product to TRI.

10. Since that time, Defendant has repeatedly threatened to initiate litigation for purported breach of contract.



Bullivant|Houser|Bailey PC
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone: (206) 292-8930

## RIGHT TO DECLARATORY RELIEF

11. There is a material and substantial controversy between TRI and Defendant, concerning TRI's right to sell electromedical products of manufacturers other than Defendant. TRI is entitled to a declaratory judgment establishing:

11.1 That the parties lacked the requisite meeting of the minds upon execution of the 1997 NDA and, therefore, that agreement was never binding.

11.2 Alternatively, that the terms and provisions of the 1997 NDA were superceded by the terms and provisions of the 1998 Distributor Agreement.

11.3 That the terms and provisions of the 1998 Distributor Agreement expired on January 1, 1998.

11.4 That TRI has fully complied with all obligations to Defendant and owes no further duty to Defendant.

11.5 That TRI has no obligation to pay Defendants anything.

11.6 That TRI may sell electromedical products of other manufacturers.

## PRAYER FOR RELIEF

WHEREFORE, having adequately stated its claims, TRI prays for relief pursuant to 28 USC § 2201 as follows:

1. For a declaration that the parties lacked the requisite meeting of the minds upon execution of the 1997 NDA and, therefore, that agreement was never binding.

2. Alternatively, for a declaration that the terms and provisions of the 1997 NDA were superceded by the terms and provisions of the 1998 Distributor Agreement.

3. For a declaration that the terms and provisions of the 1998 Distributor Agreement expired on January 1, 1998.

4. For a declaration that TRI has fully complied with all obligations to Defendant and owes no further duty to Defendant.

5. For a declaration that TRI has no obligation to pay Defendants anything.



Bullivant|Houser|Bailey PC
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone: (206) 292-8930

6. For a declaration that TRI may sell electromedical products of other manufacturers.

7. For any other relief as the Court deems just and proper.

DATED this 20th day of October, 2003.

BULLIVANT HOUSER BAILEY PC

By ______________________
Troy D. Greenfield, WSBA #21578
Gretchen Herbison, WSBA #26310

Attorneys for Plaintiff
Therapeutic Resources, Inc.

3368212.1



**Bullivant|Houser|Bailey PC**
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone: (206) 292-8930